IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JEFF HAWORTH,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>WILLIAM and DORIS MOUREN,<br><br>　　　　Defendants. | CIV- F-06-0374 AWI DLB<br><br>ORDER DISMISSING DORIS MOUREN<br><br>(Document #6) |

On June 6, 2006, Plaintiff filed a notice of voluntary dismissal, without prejudice, of Defendant Doris Mouren pursuant to Federal Rule of Civil Procedure 41(a)(1).

In Wilson v. City of San Jose, the Ninth Circuit explained:

Under Rule 41(a)(1), a plaintiff has an absolute right to voluntarily dismiss his action prior to service by the defendant of an answer or a motion for summary judgment. Concha v. London, 62 F.3d 1493, 1506 (9th Cir. 1995) (citing Hamilton v. Shearson-Lehman American Express, 813 F.2d 1532, 1534 (9th Cir. 1987)). A plaintiff may dismiss his action so long as the plaintiff files a notice of dismissal prior to the defendant's service of an answer or motion for summary judgment. The dismissal is effective on filing and no court order is required. Id. The plaintiff may dismiss some or all of the defendants, or some or all of his claims, through a Rule 41(a)(1) notice. Id.; Pedrina v. Chun, 987 F.2d 608, 609-10 (9th Cir. 1993). The filing of a notice of voluntary dismissal with the court automatically terminates the action as to the defendants who are the subjects of the notice. Concha, 62 F.2d at 1506. Unless otherwise stated, the dismissal is ordinarily without prejudice to the plaintiff's right to commence another action for the same cause against the same defendants. Id. (citing McKenzie v. Davenport-Harris Funeral Home, 834 F.2d 930, 934-35 (9th Cir. 1987)). Such a dismissal leaves the parties as though no action had been brought. Id.

Wilson v. City of San Jose, 111 F.3d 688, 692 (9th Cir. 1997).

Defendant Doris Mouren has not filed an answer to Plaintiff's complaint and no motion for summary judgment has been filed in this case.  Because Plaintiff has exercised his right to voluntarily dismiss Defendant Doris Mouren without prejudice under Rule 41(a)(1), this case has terminated as to Defendant Doris Mouren.

Therefore, the Clerk of the Court is DIRECTED to dismiss Defendant Doris Mouren from this action in light of Plaintiff's Rule 41(a)(1) Voluntary Dismissal.

IT IS SO ORDERED.

**Dated:     June 8, 2006**                              **/s/ Anthony W. Ishii**
0m8i78                                            UNITED STATES DISTRICT JUDGE